| | |
|---|---|
| MORTON MCGOLDRICK, PLLC<br>820 "A" Street, Suite 600<br>P.O. Box 1533<br>Tacoma, WA 98401<br>(253) 627-8131 | Hon. Mary Jo Heston<br>Chapter 7 Proceeding<br>Hearing Date: September 9, 2021<br>Hearing Time: 9:00 a.m.<br>Location: Tacoma, Washington<br>Response Date: September 2, 2021 |

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ATES, STEPHEN LEE,<br><br><br><br>Debtor. | Case No. 21-41090-MJH<br><br>RESPONSE TO CREDITORS WILLIAM C. GIBSON AND LAUREL GIBSON'S MOTION FOR RELIEF FROM AUTOMATIC STAY WITH PROOF OF SERVICE |

COMES NOW the Debtor Stephen Lee Ates ("Debtor"), by and through his attorney of record, Brett L. Wittner of Morton McGoldrick, PLLC and hereby files this response to Creditors William C. Gibson and Laurel Gibson's ("Creditors") Motion for Relief from Automatic Stay. Debtor objects to the Motion. As an initial matter, the moving party did not serve the Debtor with a copy of the Motion. Creditors' issues are more efficiently and appropriately resolved in the claims process in the Bankruptcy Court as a contested matter, if necessary, and as an adversary proceeding in the Bankruptcy Court if a dischargeability issue is filed. Continuing the litigation in state court will interfere with the pending bankruptcy case and violate the purpose and policy of the automatic stay.

1. **Service Issues**.

Local Rule of Bankruptcy Procedure 4001-1(c)(2) requires that, in addition to the parties to be served under Fed. R. of Bankr. P. 4001, the Debtor, among others, must be served with a

RESPONSE TO MOTION TO
REQUIRE TRUSTEE TO ABANDON
PROPERTY OF THE ESTATE

-1-



820 "A" Street, Suite 600
P.O. Box 1533
Tacoma, Washington 98401
(253) 627-8131
Fax: (253) 272-4338

copy of the notice of motion for relief from stay. Fed. R. of Bankr. P. 4001 states that service of a motion for relief from stay shall be governed by Fed. R. of Bankr. P. 9014. Fed. R. of Bankr. P. 9014 states that service of a motion in a contested matter shall be governed by Fed. R. of Bankr. P. 7004. Fed. R. of Bankr. P. 7004 states that service of process on the Debtor shall be made by first class mail.

In this case, the Debtor was *not* served with a copy of the motion and notice of hearing. The Declaration of Service on file indicates that Debtor's attorney received a notice of the pleadings via ECF, but nothing was served on the Debtor. The Debtor's testimony would be that he has not received any form of notice or motion for relief from stay from the movant.

This matter should be denied without prejudice for the Creditors' failure to mail a copy of the motion and notice of hearing to the Debtor.

**2. Cost to Debtor**.

Simply put, one of the primary reasons that the Debtor filed Chapter 7 bankruptcy was because he could not afford to litigate this matter in state court. The cost to the Debtor to litigate this matter in state court is exorbitant. This matter can be litigated through the Bankruptcy Court much quicker and inexpensively than in state court. Further, the Bankruptcy Court is better suited to handle claims issues and non-dischargeability actions than is state court.

**3. Creditors' Motion for Relief is Premature**.

Creditors have filed a proof of claim in this matter alleging that they are owed $482,089.00. Debtor has not, as of yet, objected to the claim. The claim is filed as a secured claim. However, Debtor or the trustee, should they decide to do so, can file an adversary proceeding to determine that the Pre-Judgment Writ of Attachment is a preferential transfer pursuant to 11 U.S.C. § 547 because it occurred within 90 days of the Petition Date. The

RESPONSE TO MOTION TO
REQUIRE TRUSTEE TO ABANDON
PROPERTY OF THE ESTATE

-2-

MORTON McGOLDRICK
ATTORNEYS AT LAW

820 "A" Street, Suite 600
P.O. Box 1533
Tacoma, Washington 98401
(253) 627-8131
Fax: (253) 272-4338

Case 21-41090-MJH    Doc 24    Filed 09/02/21    Ent. 09/02/21 16:45:30    Pg. 2 of 5

Bankruptcy Court is in a far better position to determine claims issues than state court. The issue of dischargeability raised in the Motion is a matter uniquely within the expertise of the Bankruptcy Court. The factual determination and standards of proof are different than the claims raised in the state court. Given the Debtor's financial inability to defend in state court, the matter would likely go to a judgment by default without a trial. In contrast, this matter could be handled quite easily in an adversary proceeding through the Bankruptcy Court.

**4. Prejudice to Debtor**.

This is a case where the Creditors seek relief to hold the Debtor personally liable, which will be a great prejudice to the Debtor. Creditors seek Relief from Stay "for cause." "For cause" is determined on the facts of each case. *See Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987).

Relief should be denied where litigation outside the Bankruptcy Court will only result in partial resolution of the issues, complicate issues, and result in additional litigation. *See genereally, In re Ms. Kipps, Inc.*, 34 B.R. 91, 93 (Bankr. S.D. N.Y. 1983).

Contrary to the assertions of the Creditors, the Debtor is not prepared to go to trial. State court council for Debtor informed the Plaintiff's attorney that both Family Classic Homes and the Debtor personally intended to file for bankruptcy relief. The Family Classic Homes bankruptcy case was filed first on June 9, 2021. Plaintiff's council was advised that the Debtor would also be filing a personal bankruptcy case. He lacked the financial resources to pay attorney's fees for both cases. As a result, the personal case was filed on June 29, 2021. Counsel for Debtor would testify that once it was determined that Family Classic Homes and Stephen Ates had decided on filing for bankruptcy, that he stopped working on trial preparation. Defendants did not identify any exhibits or witnesses in the joint statement of evidence that the

RESPONSE TO MOTION TO REQUIRE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE -3-

MORTON McGOLDRICK ATTORNEYS AT LAW

820 "A" Street, Suite 600
P.O. Box 1533
Tacoma, Washington 98401
(253) 627-8131
Fax: (253) 272-4338

Case 21-41090-MJH    Doc 24    Filed 09/02/21    Ent. 09/02/21 16:45:30    Pg. 3 of 5

plaintiffs filed a few weeks prior to the scheduled trial date. Family Classic Homes and Stephen Ates would be severely prejudiced if the case were to be sent back to the state court for trial in October.

**5. The Claim Issue and Discharge Issue are Core Proceedings**.

Contrary to the allegations in the relief requested, denying relief conserves judicial resources through the bankruptcy court's expedited claims process and adversary proceeding trial schedules. The claims issue may require the special expertise of the Bankruptcy Court to make a determination of whether the pre-judgment writ of attachment was an avoidable preference. The exception or denial of discharge claim is uniquely within the expertise of the Bankruptcy Court.

The interest of judicial economy and the hardship to the Debtor caused by the continuance of the pre-petition litigation outweighs the hardship, if any, caused to the Creditors by denying relief from stay.

DATED this 2nd day of September 2021.

MORTON MCGOLDRICK, PLLC

By: /s/ Brett L. Wittner
Brett L. Wittner, WSBA #27657
Attorney for Stephen Ates

RESPONSE TO MOTION TO
REQUIRE TRUSTEE TO ABANDON
PROPERTY OF THE ESTATE
-4-

MORTON McGOLDRICK
ATTORNEYS AT LAW

820 "A" Street, Suite 600
P.O. Box 1533
Tacoma, Washington 98401
(253) 627-8131
Fax: (253) 272-4338

Case 21-41090-MJH    Doc 24    Filed 09/02/21    Ent. 09/02/21 16:45:30    Pg. 4 of 5

PROOF OF SERVICE

I, Jennifer Odom, declare under penalty of perjury that on the 2nd day of September, 2021, a copy of Debtor's Response to Motion for Relief from Stay and Declaration of Michael Johns were forwarded to the following parties via ECF:

Katie J Comstock on behalf of Interested Party Courtesy NEF
katie@levy-law.com, melissa@levy-law.com;sechastain@levy-law.com

Jacob D DeGraaff on behalf of Creditor Kelly A Brace
mainline@hdm-legal.com, henrydegraaffps@jubileebk.net

Kathryn A Ellis
kae@seanet.com, WA18@ecfcbis.com;cgw@seanet.com

Christina L Henry on behalf of Creditor Kelly A Brace
chenry@hdm-legal.com, HenryDeGraaffPS@jubileebk.net;mainline@hdm-legal.com;igotnotices@henrydegraaff.com

Gregory Jalbert on behalf of Interested Party Courtesy NEF
gjalbert@uprightlaw.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Bradley S Wolf on behalf of Creditor Laurel Gibson
bwolf@wolflaw.us

A copy of Debtor's Response to Motion for Relief from Stay and Declaration of Michael Johns were also forwarded to the following party via First Class US mail, postage pre-paid on September 2, 2021:

William and Laurel Gibson
901 Fifth Ave., Ste 1400
Seattle, WA 98164-2047

Dated this 2nd day of September, 2021.

/s/ Jennifer R. Odom
Jennifer R. Odom

RESPONSE TO MOTION TO
REQUIRE TRUSTEE TO ABANDON
PROPERTY OF THE ESTATE

-5-



820 "A" Street, Suite 600
P.O. Box 1533
Tacoma, Washington 98401
(253) 627-8131
Fax: (253) 272-4338